## Musselman and Clarkson's Appeal.

1. A banking firm dissolved and appointed a partner to liquidate: on the dissolution, he commenced banking in the firm house on his own account under the firm name, and also settled the firm business there. *Held,* that under the circumstances he was not chargeable with the value of the good-will.

2. It seems, "good-will" did not exist independently of the property in which the business was carried on.

3. "Good-will" is property in some circumstances.

4. What constitutes "good-will" considered in this case.

May 6th and 7th 1869. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., absent.

Appeal from the Court of Common Pleas of *Lancaster county :* In Equity: Of May Term 1869, No. 64.

The appeal in this case was taken by Henry Musselman and Joseph Clarkson, plaintiffs, from the decree rendered by the court below, in the case immediately preceding (Gyger's Appeal), in which the facts, &c., are to be found.

The errors assigned were, that the court erred—

1. In not charging the defendant with sufficient rent.

2. In not charging him with the value of the good-will.

3. In allowing him for expenses.

4. In allowing him any compensation.

12 P. F. SMITH—6

*R. W. Shenk* and *D. G. Eshelman*, for appellants.—As to the " good-will," they cited Story on Part. 99; Williams *v.* Wilson, 4 Sandf. Ch. R. 380; Holden *v.* McMakin, 1 Pars. R. 282. As to proof of the charges in defendant's account: Hart *v.* Ten Eyck, 2 Johns. Ch. R. 87, 88; Ringgold *v.* Ringgold, 1 Har. & Gill 81, 82; Davenport *v.* Davenport, 1 Sim. Ch. R. 512. The finding of an auditor may be corrected if error be shown: Chew's Appeal, 9 Wright 230. As to compensation: Beatty *v.* Wray, 7 Harris 516; Brown *v.* McFarland, 5 Wright 129; Gow on Part. 355.

*O. J. Dickey* and *J. E. Heister*, for appelles.

The opinion of the court was delivered, October 19th 1869, by THOMPSON, C. J.—We have considered all and every the exceptions of the appellants to the master's report, and decree of the court confirming it, and see nothing of which, we think, they have any just right to complain. We deem it unnecessary to examine, in detail, each of these exceptions, for, as to most of them, the master's report sufficiently vindicates the decree of the court.

The complaint that Gyger, the appellee, should have been charged for the " good-will " of the expired firm of John Gyger & Co., we think is without reason, under the circumstances of the case. It is true, the agreement for dissolution which extended the original period fixed for the dissolution of the firm for nearly three months, does say that on the 2d of July 1859, the time at which the partnership is to expire, "the said banking business, good-will, and all the privileges which the said firm enjoys, (shall) pass over to John Gyger." By this agreement, Gyger became the liquidating partner of the firm; and he was consequently invested with the powers and privileges of the firm in settling up its business. No doubt if he had sold the " good-will," he would have been obliged to have accounted for the value received. But then he would have been obliged to have given up the place in which the liquidation was intended to be made. This we can see would have been greatly disadvantageous to the liquidating firm. He continued there, and opened business as a broker for his own benefit, and through this channel was enabled so to nurse the assets of the firm as to pay all their debts, and realize a profit for the members of it. He evidently had the place for the purposes of liquidation, and for this purpose no good-will could be claimed. If his own business was benefited by the place as an established stand, the appellants' interests were also benefited by his business at that place, and in the manner in which it was managed. In equity, therefore, there was not a shadow of right in the claim for the good-will.

Nor at law was there any obligation on him to pay for the good-will. He did not agree to pay for it, and he did not sell it as

[Musselman's Appeal.]

such. Nor can I comprehend how it existed independently of the property. There was no relinquishment of business by the partners. Their business expired by its own limitation. They had no *exclusive* right in the business, that existed for a moment after the firm dissolved, or any sole ownership of it as against any others; and these are the *criteria* of property in good-will, according to the English rule: Kennedy *v.* Lee, 3 Meriv. 441; Coll. on Part. 156; Story on Part. § 99. But supposing the rule to be more extensive by usage with us, and I think it is, how can there be a good-will of a business in favor of the members of a firm, where the firm has ceased by its own limitation, and no exclusive right to follow the business in that place belongs to them? In that case, as a distinct property it is gone. It then attaches to, and enhances the realty, and the value of it is realized in renting or selling that. Here the appellee is charged with the rental of the place (see Gyger's Appeal just read), and in this was included, of course, all the advantages belonging to it as a site. Afterwards he disposed of it by sale, as part of the assets of the firm, and in this way the members have realized the appreciated value occasioned by their business, if any.

Good-will is property in some circumstances. Such it was held to be in Williams *v.* Wilson & McClelland, 4 Sand. Ch. Rep. 479. There two of the partners having been excluded by the wrongful act of a third, Vice Chancellor Sandford decreed a dissolution, and sale of the lease for the unexpired term, together with the good-will of the business. That was unlike this case. There the premises were leased for a business, and that business was relinquished by the decree before its expiration. The good-will existed in the members for several years to come, and was property, in which each had an interest, and as such was sold. This case illustrates the case in hand, and sustains our reasoning upon it. Without enlarging, we think the master and court were right in their views on this portion of the case, as well as in relation to the other matters complained of in this appeal. None of the exceptions being sustained, the appeal is dismissed, at the costs of the appellants.