## Colvin, Appellant, *v.* Endsley.

*Partnership—Dissolution—Release.*

In an action of assumpsit to recover amounts alleged to have been paid as a premium for entering into a partnership and for the good-will of the business, it appeared that the partnership was subsequently dissolved and certain payments made by the defendant to the plaintiff. Plaintiff sought to enforce a parol promise to repay said amount in case the partnership was dissolved before the end of the period specified in the articles. In defense a release was received in evidence, executed by the plaintiff wherein it was provided that he released "any and all suits, debts,......and demands whatsoever......arising out of said partnership or the settlement and adjustment of the business and affairs of the same." It was held that the payment in question was a debt arising out of the partnership, and was comprehended within the release.

Unless excepted, good will passes by the sale of a partner's interest to his co-partner.

Argued April 15, 1926. Appeal No. 80, April T., 1926, by plaintiff, from the judgment of C. P. Somerset County, February T., 1925, No. 89, in the case of Ron-

ald B. Colvin v. Gilbert F. Endsley. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on verbal contract. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff. Subsequently the court, on motion, entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*C. L Shaver,* and with him *Boose & Boose,* for appellant.

*Joseph Levy,* for appellee.

OPINION BY LINN, J., July 8, 1926:

This appeal is from judgment for defendant notwithstanding a verdict for plaintiff. The action brought after dissolution, grows out of a partnership relation that had existed between the parties. In March, 1921, they signed articles of partnership for a term of ten years, defendant contributing at the agreed value of $10,000, certain land, tools, equipment and the going business which he had been conducting, plaintiff agreeing to contribute $5,000 in cash, their partnership interests to remain in the proportions of their agreed contributions. Instead of contributing $5,000, plaintiff paid in only $4,000. The partnership sustained large losses and on December 28, 1922, was dissolved by mutual agreement evidenced by a paper prepared by plaintiff's attorney. Part of the consideration for the dissolution was the payment by defendant to plaintiff of $4,420.

Some time thereafter, plaintiff made a claim on de-

fendant for $2,000 with interest (for which this suit was brought) which he averred as follows in his statement of claim: "That at the time of entering into said written partnership agreement as aforesaid, a contemporaneous parol agreement was also entered into between the plaintiff and defendant, whereby it was agreed that the plaintiff should pay to the defendant as a premium for entering into said partnership, and good will of the business already established by the defendant, the sum of Two Thousand Dollars, which amount the defendant agreed to repay to the plaintiff in the event of the dissolution of said partnership before the expiration of the term and period of said partnership; that said contemporaneous parol agreement was the inducement to the plaintiff and upon the faith of which the said written contract of co-partnership was entered into and executed between the plaintiff and the defendant, and in pursuance of said contemporaneous parol agreement, the plaintiff, on the 28th day of March, 1921, paid said sum of Two Thousand Dollars to the defendant."

Defendant admitted the payment but denied the promise to repay. He asserted that by the agreement of dissolution, this liability, even if it existed as plaintiff contended, was settled and released. The trial judge submitted to the jury a single question and in the following words: "What was the word-of-mouth agreement between these two men......as to the $2,000?" He instructed the jury to find for the plaintiff if convinced by the evidence that the promise was made as the plaintiff averred, and if not, to find for the defendant; the jury found for the plaintiff. The agreement of dissolution, endorsed on the original articles of partnership, was as follows: "......I, the within named Ronald B. Colvin, for and in consideration of the sum of one dollar and other valuable considerations to me in hand paid by the within named Gilbert F. Endsley, do hereby assign, transfer and set over unto

the said Gilbert F. Endsley, his executors, administrators and assigns, all my right, title, interest, claim and demand in and to the within agreement; and further, inasmuch as the affairs of the co-partnership subsisting between me and the said Gilbert F. Endsley under the firm name and title of the Kimberly Sand and Stone Company has by mutual agreement been dissolved and the affairs of said firm finally settled and adjusted, I do hereby remise, release, quit-claim and forever discharge the said Gilbert F. Endsley, his heirs, executors, administrators and assigns, of all and all manner of actions, suits, debts, reckonings, accounts, claims and demands whatsoever, either in law or in equity, arising out of said partnership, or the settlement and adjustment of the business and affairs of the same.''

That agreement, the court below held, released the liability declared on by plaintiff in this suit. If the claim was so released, it is of course immaterial that, as the jury found, defendant promised to pay. There is no oral evidence, as there was in Collins v. Busch, 191 Pa. 549, relied on by appellant, to the effect that when the dissolution agreement was executed, plaintiff excepted this claim from the operation of the paper. The jury was therefore not instructed, and the court was not asked to instruct the jury, to find whether the plaintiff intended to except his claim from the operation of the release; on the contrary, both parties testified that plaintiff said nothing about this claim until some time after the release had been executed and delivered.

Appellant contends that his cause of action did not arise out of the partnership or its affairs, but out of a separate and independent business transaction, because the $2,000 did not become part of the firm property but went to the defendant individually. On the other hand, appellee and the court below point to the words of the allegation that the payment was ''for entering into said partnership and good will of the busi-

ness already established by the defendant''; that as defendant alone had established a business with the good will the value of which plaintiff would share as a member of the firm the parties were then creating, "the $2,000," to use the words of appellee's brief, "purchased a one-third interest in the very life and spirit of the business, which consisted of two or three years of effort on the part of Endsley to build up the business and establish a good will. This is just as much a part of any business as the tangible assets, and of course during the time Colvin remained a partner, these intangible assets were a part of the business and operated for his benefit." Appellee therefore asserts that the claim is directly included in the words "the affairs of the co-partnership subsisting......" and the "affairs of said firm finally settled and adjusted" as employed in the agreement of dissolution.

If, for the $2,000, plaintiff acquired, as he thought he had done, an interest in the good will of defendant's business which became firm assets by the articles of partnership, that interest in the good will passed by the assignment to defendant on dissolution. Good will is property in some circumstances: Musselman's App., 62 Pa. 81, 83; and here the parties so considered it; unless excepted, good will passes by the sale of a partner's interest to his co-partner: 12 R. C. L. par. 16, p. 993. Having been originally treated by these parties as an essential element of value in the formation of their partnership relation, and on dissolution, having been included among the assets assigned to defendant, we must conclude that by the release plaintiff intended,— as the release states—to settle all accounts connected with the partnership relation, including the claim in suit.

The judgment is therefore affirmed.